IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 08-cv-02046-MSK-BNB

AMERIQUEST MORTGAGE COMPANY, a Delaware corporation

Plaintiff,

v.

KENNETH J. ZIMMERLE, an individual, and
GRETCHEN R. ZIMMERLE, an individual,

Defendants.
_____

**ORDER**
_____

This matter arises in connection with the **Supplemental Statement in Support of Plaintiff's Motion for Default and Default Judgment** [Doc. # 18, filed 4/21/2009] (the "Supplemental Statement").

By an Order [Doc. # 14, filed 3/12/2009], I required the plaintiff to provide additional information in support of the Plaintiff's Motion for Entry of Default and Default Judgment [Doc. # 9] (the "Motion for Default Judgment"). Among other things, I required compliance with Part V.J.1.e. of Judge Krieger's Practice Standards, which provides:

> [I]f the action is on a promissory note, the original note shall be presented to the court in order that the court may make a notation of the judgment on the face of the note. . . .

Order [Doc. # 14] at ¶3.

Subsequently, in its unverified Supplemental Statement, the plaintiff argued:

> Ameriquest has been unable to locate the original promissory note in this matter. Ameriquest requests that the Court accept the previously filed copy of the promissory note as well as the sworn

representations concerning the same in lieu of the original.

Supplemental Statement at p.1.  It is not clear to me what the plaintiff means by its reference to "sworn representations" concerning the promissory note.

The plaintiff has filed a copy of the promissory note.  [Doc. # 9-4, filed 2/2/2009] (the "Promissory Note").  The Promissory Note provides that it is governed by the "State law applicable to the jurisdiction of the Property."  Promissory Note at ¶12.  The property is located in Arvada, Colorado.

Section 4-3-309, C.R.S., concerning the enforcement of lost, destroyed, or stolen negotiable instruments provides:

> (a)  A person not in possession of an instrument is entitled to enforce the instrument if (i) the person was in possession of the instrument and entitled to enforce it when loss of possession occurred, (ii) the loss of possession was not the result of a transfer by the person or a lawful seizure, and (iii) the person cannot reasonably obtain possession of the instrument because the instrument was destroyed, its whereabouts cannot be determined, or it is in the wrongful possession of an unknown person or a person that cannot be found or is not amenable to service of process.
>
> (b)  A person seeking enforcement of an instrument under subsection (a) of this section must prove the terms of the instrument and the person's right to enforce the instrument.  If that proof is made, section 4-3-308 applies to the case as if the person seeking enforcement had produced the instrument.  The court may not enter judgment in favor of the person seeking enforcement unless it finds that the person required to pay the instrument is adequately protected against loss that might occur by reason of a claim by another person to enforce the instrument.  Adequate protection may be provided by any reasonable means.

Section 4-3-309, C.R.S. (emphasis added).

The plaintiff has ignored the provisions of section 4-3-309.  In particular, it has failed to

provide any evidence, in the form of an affidavit or otherwise, satisfying the requirements of section 4-3-309(a).  Nor has the plaintiff indicated the protection it intends to provide to the defendants, if any, as required by section 4-3-309(b).  The requirement to provide protection is explained in the Official Comments to § 3-306 of the Uniform Commercial Code as follows:

> Under subsection (b), judgment to enforce the instrument cannot be given unless the court finds that the defendant will be adequately protected against a claim to the instrument by a holder that may appear at some later time.  The court is given discretion in determining how adequate protection is to be assured.  Former Section 3-804 allowed the court to "require security indemnifying the defendant against loss."  Under Section 3-309 adequate protection is a flexible concept.  For example, there is substantial risk that a holder in due course may make a demand for payment if the instrument was payable to bearer when it was lost or stolen.  On the other hand if the instrument was payable to the person who lost the instrument and that person did not indorse the instrument, no other person could be a holder of the instrument.  In some cases there is risk of loss only if there is doubt about whether the facts alleged by the person who lost the instrument are true.  Thus, the type of adequate protection that is reasonable in the circumstances may depend on the degree of certainty about the facts in the case.

Uniform Commercial Code (U.L.A.) §3-309 at Official Comment 1.  Compare Citibank, N.A. v. Benedict, 2000 WL 322785 *5 n.4 (S.D.N.Y. March 28, 2000)(discussing, but rejecting, the requirement of posting a bond as adequate protection); Bobby D. Associates v. DiMarcantonio, 751 A.2d 673, 676 (Penn. Superior Ct. 2000)(requiring the plaintiff to execute an indemnification agreement in favor of the defendants in the amount of the lost note); Fales v. Norine, 644 N.W. 2d 513, 521 (Neb. 2002)(withholding judgment until the statute of limitations for enforcing the note has expired); CitiFinancial Mortgage Co., Inc. v. Frasure, 2007 WL 2401750 *15 (N.D. Okla. Aug. 17, 2007)(holding that no further protection is required where the note is payable to the order of the plaintiff's predecessor-in-interest and not to bearer, and no

other entity is making competing claims under the notes).

IT IS ORDERED that on or before **June 19, 2009**, the plaintiff shall file a supplement to its Motion for Default Judgment addressing the requirements of section 4-3-309, C.R.S.

Dated June 8, 2009.

                                           BY THE COURT:

                                           s/ Boyd N. Boland
                                           United States Magistrate Judge