IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 08-cv-02046-MSK-BNB

AMERIQUEST MORTGAGE COMPANY, a Delaware corporation

Plaintiff,

v.

KENNETH J. ZIMMERLE, an individual, and
GRETCHEN R. ZIMMERLE, an indvidual

Defendants.
_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

This matter arises on the **Plaintiff's Motion for Entry of Default and Default Judgment** [Doc. # 9, filed 2/2/2009] (the "Motion for Default Judgment"). I respectfully RECOMMEND that the motion be GRANTED and that default judgment pursuant to Fed. R. Civ. P. 55(b) be entered in favor of the plaintiff and against the defendants jointly and severally.

I held a hearing on the Motion for Default Judgment on March 12, 2009. Counsel for the plaintiff, Ameriquest Mortgage Company ("AMC"), appeared on its behalf, but no one appeared on behalf of the defendants. Courtroom Minutes [Doc. # 15, filed 3/12/2009].

Following the hearing, I ordered AMC to provide greater detail about the claimed interest, late fees, and other elements of damages; a particularization of the claimed collection costs and contemporaneous time records to support the attorney fees claim; and to submit the original promissory note as required by Part V.J.1.e. of Judge Krieger's Practice Standards. Order [Doc. # 14, filed 3/12/2009]. AMC filed a supplement, Supplemental Filing In Support of Plaintiff's Motion for Default and Default Judgment [Doc. # 16, filed 4/1/2009] (the "First

Supp."), but failed to produce the original promissory note because it cannot be located. Supplemental Statement In Support of Plaintiff's Motion for Default and Default Judgment [Doc. # 18, filed 4/21/2009] (the "Second Supp.").

Because the original promissory note is alleged to be lost, I ordered AMC to comply with section 4-3-309, C.R.S., which provides:

> (a) A person not in possession of an instrument is entitled to enforce the instrument if (i) the person was in possession of the instrument and entitled to enforce it when loss of possession occurred, (ii) the loss of possession was not the result of a transfer by the person or a lawful seizure, and (iii) the person cannot reasonably obtain possession of the instrument because the instrument was destroyed, its whereabouts cannot be determined, or it is in the wrongful possession of an unknown person or a person that cannot be found or is not amenable to service of process.
>
> (b) A person seeking enforcement of an instrument under subsection (a) of this section must prove the terms of the instrument and the person's right to enforce the instrument. If that proof is made, section 4-3-308 applies to the case as if the person seeking enforcement had produced the instrument. The court may not enter judgment in favor of the person seeking enforcement unless it finds that the person required to pay the instrument is adequately protected against loss that might occur by reason of a claim by another person to enforce the instrument. Adequate protection may be provided by any reasonable means.

Order [Doc. # 24, filed 6/8/2009] at pp.2-3. AMC filed its third supplement in response to that order. See Supplemental Filing In Support of Plaintiff's Motion for Default and Default Judgment [Doc. # 26, filed 6/19/2009] (the "Third Supp.").

**LEGAL STANDARD**

The entry of a default judgment is controlled by Fed. R. Civ. P. 55(b), which provides in relevant part:

> **(b) Entering a Default Judgment.**
> **(2)** *By the Court.* In all other cases [not subject to subpart (b)(1)], the party must apply to the court for a default judgment. A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared. If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 3 days before the hearing. The court may conduct hearings or make referrals--preserving any federal statutory right to a jury trial--when, to enter or effectuate judgment, it needs to:
> **(A)** conduct an accounting;
> **(B)** determine the amount of damages;
> **(C)** establish the truth of any allegations by evidence; or
> **(D)** investigate any other matter.

Rule 55(a), Fed. R. Civ. P., allows a default against a party when that party "has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise. . . ." A trial court is vested with broad discretion in deciding whether to enter a default judgment. Grandbouche v. Clancy, 825 F.2d 1463, 1468 (10th Cir. 1987).

"Once the default has been established, defendant has no further standing to contest the factual allegations of plaintiff's claim for relief." 10A Wright, Miller & Kane, Federal Practice and Procedure: Civil 3d § 2688 at p.63; accord Olcott v. Delaware Flood Co., 327 F.3d 1115, 1125 n.11 (10th Cir. 2003)(stating that "[a]fter an entry of default, a defendant cannot defend a claim on the merits"). In addition:

> Even after default, however, it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of

> law. . . . Once the court determines that a judgment by default
> should be entered, it will determine the amount and character of
> the recovery that should be awarded.

10A Wright, Miller & Kane, supra.

**FINDINGS AND CONCLUSIONS**

I find and conclude as follows:

1. This action was commenced by the filing of the Complaint on September 23, 2008. Jurisdiction exists pursuant to 28 U.S.C. § 1332 (diversity of citizenship) because the parties are of diverse citizenship and the matter in controversy exceeds $75,000, exclusive of interest and costs.

2. Service of process was perfected against each defendant, including delivery of a summons and a copy of the Complaint for each defendant, on September 24, 2008. Return of Service [Doc. # 2, filed 9/29/2008]. The defendants have failed to answer or otherwise respond to the Complaint. The Clerk of the Court entered a default against both defendants pursuant to Rule 55(a), Fed. R. Civ. P., on February 5, 2009. Entry of Default [Doc. # 11].

3. The defendants are not infants, incompetent persons, officers or agencies of the United States or the State of Colorado, or in the military service. Declaration of Scott P. Sinor [Doc. # 9-2](the "Sinor Decl.") at ¶¶6-7; Affidavit of Jennifer N. Good [Doc. # 31-2]("Good Aff.") at ¶¶6-7.

4. On or about November 19, 2002, the defendants borrowed $230,400 from AMC. Complaint [Doc. # 1] at ¶6. The loan is evidenced by a promissory note with an adjustable interest rate. Id.; Adjustable Rate Note [Doc. # 26-2](the "Note") at pp.2-4   The Note requires the defendants to make monthly payments of $1,571.74, but the amount of the monthly payments

is subject to change with the adjustment of the interest rate. Note at ¶¶3(B)-(C). The Note has a 30 year maturity term, and the last payment is due on December 1, 2032. Id. at ¶3(A).

5. Initially the Note was secured by a deed of trust on the defendants' home at 7479 Pomona Drive, Arvada, Colorado (the "Property"). Complaint at ¶6. The deed of trust was mistakenly released in April 2004. Id. at ¶7.

5. The Note provides, with limited exceptions not here applicable, that it becomes due and payable in full "[i]f all or any part of the Property or any interest in it is sold or transferred . . . without the Lender's prior written consent. . . ." Note at ¶11.

6. On December 10, 2004, the defendants sold the Property without notifying AMC and without obtaining its prior written consent. Complaint at ¶10. After AMC discovered the unapproved sale of the Property, AMC declared the Note in default and demanded payment in full of all amounts then due. Id. at ¶12. Thereafter, the defendants failed to make any further payments on the Note. Id. at ¶13.

7. The defendants have breached the Note.

8. The Note is signed by both Kenneth James Zimmerle and Gretchen R. Zimmerle. In this regard, the Note provides:

> If more than one person signs this Note, each person is fully and personally obligated to keep all the promises made in this Note, including the promise to pay the full amount owed.

Note at ¶9.

9. The Note provides that AMC may recover its costs and expenses, including reasonable attorneys' fees, incurred in enforcing the Note. Id. ¶7(E).

10. AMC has established the following amounts due and owing on the Note:

|  |  |
|---|---|
| Principle due at the time of default: | $223,854.41 |
| Interest due through March 17, 2009 | 74,638.56 |
| TOTAL principle and interest due | $298,492.97 |

Affidavit of Shane Stagner [Doc. # 16-2] ("Stagner Aff.") at ¶¶5-6.[1]

11.     Although AMC has requested an award of attorneys fees and costs in an amount exceeding $15,000, Motion for Default Judgment at ¶6, the contemporaneous billing records submitted in support of that claim are heavily redacted, making it impossible in many instances to determine what work was done and whether it was reasonable and necessary to the enforcement of the Note. See First Supp. [Doc. # 16-3] at pp. 3-71. I have reviewed the time records carefully, however, and have determined that AMC has demonstrated that it is entitled to recover attorneys fees of $4,293.00 reasonably incurred in enforcing the Note.

12.     Where, as here, a party seeks to enforce a lost negotiable instrument, section 4-3-309, C.R.S., provides:

> (a)     A person not in possession of an instrument is entitled to enforce the instrument if (i) the person was in possession of the instrument and entitled to enforce it when loss of possession occurred, (ii) the loss of possession was not the result of a transfer by the person or a lawful seizure, and (iii) the person cannot reasonably obtain possession of the instrument because the instrument was destroyed, its whereabouts cannot be determined, or it is in the wrongful possession of an unknown person or a person that cannot be found or is not amenable to service of

---

[1] AMC also seeks an award of "escrow/impound overdraft $12,773.32, suspense balance negative $897.12, expenses paid by Citi Residential Lending 786.50, recording fees $21.00, property inspection fees $33.00. . . ." Stagner Aff. [Doc. # 16-2] at ¶6. Despite my order requiring AMC to provide a supplement itemizing with specificity any principle, interest, late fees, and other elements of damages claimed, "including how and when the amounts were incurred," Order [Doc. # 14], AMC has failed adequately to document its entitlement to these additional damages. In view of this failure, I do not include them in the amount due on the Note.

>    process.
>
>    (b)  A person seeking enforcement of an instrument under
>    subsection (a) of this section must prove the terms of the
>    instrument and the person's right to enforce the instrument.  If that
>    proof is made, section 4-3-308 applies to the case as if the  person
>    seeking enforcement had produced the instrument.  The court may
>    not enter judgment in favor of the person seeking enforcement
>    unless it finds that the person required to pay the instrument is
>    adequately protected against loss that might occur by reason of a
>    claim by another person to enforce the instrument.  Adequate
>    protection may be provided by any reasonable means.

AMC has satisfied the requirements of section 4-3-309 and shown that: (1) it was in possession of the Note and entitled to enforce it when it was lost; (2) the loss of possession of the Note was not the result of a transfer of the Note by AMC or a lawful seizure; and (3) AMC cannot reasonably obtain possession of the Note because it is lost and its whereabouts cannot be determined.  Declaration of Shane Stagner [Doc. # 26-2]("Stagner Decl.") at ¶¶3-5.  AMC has provided a copy of the Note, thereby proving its terms.  Stagner Decl. at ¶7.  In addition, the defendants are adequately protected against any loss that might occur by reason of a claim by another person to enforce the Note because the Note is payable only to AMC and no other entity is making a competing claim under its terms.  Stagner Decl. [Doc. # 26-2] at ¶6; see CitiFinancial Mortgage Co., Inc. v. Frasure, 2007 WL 2401750 at *15 (N.D. Okla. Aug. 17, 2007)(holding that no further protection is required where the note is payable to the order of the plaintiff's predecessor-in-interest and not to bearer, no other person could be a holder of the note, and no other entity is making a competing claim); Uniform Commercial Code (U.L.A.) § 3-309 at Official Comment 1 (noting that "if the instrument was payable to the person who lost the instrument and that person did not indorse the instrument, no other person could be a holder of the instrument").

**RECOMMENDATION**

I respectfully RECOMMEND that the Motion for Default Judgment be GRANTED and that a default judgment be entered in favor of AMC and against the defendants, jointly and severally, in the amount of $302,785.97.

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have 10 days after service of this recommendation to serve and file specific, written objections.   A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. Makin v. Colorado Dept. of Corrections, 183 F.3d 1205, 1210 (10th Cir. 1999); Talley v. Hesse, 91 F.3d 1411, 1412-13 (10th Cir. 1996).  A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review.  United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated September 8, 2009.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge